# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

TAYLORS INTERNATIONAL SERVICES, INC.    *CIVIL ACTION NO. 6:10-1540

VERSUS                                                    *JUDGE DOHERTY

WILLIAM WEAVER                                   *MAGISTRATE JUDGE HILL

## REPORT  AND RECOMMENDATION

Pending before the Court is the Motion for Discretionary Dismissal filed by the defendant, William Weaver ("Weaver"). [rec. doc. 5].  The plaintiff, Taylors International Services, Inc., ("Taylors") has filed Opposition, to which Weaver has filed a Reply. [rec. docs. 9 and 14].  By this Motion, Weaver seeks discretionary dismissal of this action in favor of a previously filed lawsuit filed in Texas state court.  The Motion been referred to the undersigned for report and recommendation. [rec. doc. 7].  Oral argument on the Motion was held and the Motion was taken under advisement.

For the following reasons, it is recommended that the Motion for Discretionary Dismissal [rec. doc.5] be **GRANTED.**

## STATEMENT OF CLAIM

In October, 2009, Weaver claims to have been injured while working aboard a vessel located offshore of Galveston, Texas.  On August 11, 2010, Weaver filed suit in Texas state court (the Civil County Court at Law No. 2, Galveston County, Texas) against the alleged owner of the vessel and Taylor, his alleged Jones Act employer, asserting claims under the Jones Act for negligence, unseaworthiness and maintenance and cure,

and, alternatively, a claim for negligence under § 905(b) of the Longshore and Harbor Workers' Compensation Act. [rec. doc. 5-1].

Before filing responsive pleadings in the Texas state court suit, during the pendency of an agreed upon extension of time for filing such pleadings, on October 7, 2010, Taylors filed the instant declaratory judgment action, seeking a declaration that it is not obligated to pay Weaver maintenance or cure, asserting the *McCorpen* defense. *See McCorpen v. Gulf Central Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968).[1]

By Orders dated January 14, 2011, the Texas state court denied Taylors' Motion to Dismiss for Lack of Jurisdiction based on the filing of the instant action, as well as Taylor's Motion to Transfer Venue, apparently finding sufficient facts arising in Galveston County to permit the case to go forward in that jurisdiction. [*See* rec. doc. 5-3]. Moreover, the Texas state court action has been given preferential treatment and, accordingly, is proceeding on an expedited basis. [*See* rec. doc. 5-2].

## LAW AND ANALYSIS

Taylors has devoted much briefing to the standard applicable to Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6).  However, the instant Motion is not filed pursuant to Rule 12(b)(6).  Rather, the instant Motion seeks abstention based on this court's discretionary authority to decline to exercise its jurisdiction in favor of the

---

[1]Under *McCorpen*, a seaman's wilful concealment of a pre-existing medical condition at the time of his employment may provide an absolute defense to an action seeking maintenance and cure benefits for disabilities causally connected to the undisclosed condition.  *See Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171-177 (5th Cir. 2005).

pending state court action. *See St. Paul Insurance Company v. Trejo*, 39 F.3d 585, 590-591 (5th Cir. 1994).

In *St. Paul Insurance Company v. Trejo*, the Fifth Circuit set forth seven non-exclusive factors to consider when determining whether to invoke its discretionary power to decline the exercise of jurisdiction over a declaratory judgment action.[2]  These factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id*. at 590-591; *Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 387 (5th Cir. 2003) *citing Trejo*. *See also Hercules Liftboat Co. v. Jones*, 2007 WL 4355045, *1-2 (W.D. La. 2007)

---

[2]The court must consider the following factors in determining whether to entertain a declaratory action: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County* 343 F.3d 383, 387 (5th Cir. 2003).

There is no dispute that the instant declaratory action is justiciable. The issue regarding whether maintenance and cure is owed is an actual controversy.  Likewise, the authority of this court to grant declaratory relief is not in question.  Rather, the issue in this case is whether the court should exercise its discretion to decide or dismiss the case.  The relevant factors in making this determination were set forth by the Fifth Circuit in *Trejo*. *See Hercules Liftboat Co. v. Jones*, 2007 WL 4355045, *1-2 (W.D. La. 2007).

(applying the *Trejo* factors to dismiss a declaratory judgment action to determine a Jones

Act employer's maintenance and cure obligations); *Aries Marine Corp. v. Lolly*, 2006 WL

681184 (W.D. La. 2006) (same).

The *Trejo* factors clearly weigh in favor of dismissal of the instant declaratory

judgment action.

The first factor, whether there is a pending state action in which all of the matters

in controversy may be fully litigated, weighs heavily in favor of dismissal of the instant

action.  It is undisputed that the plaintiff has filed suit in Texas state court pursuant to the

"savings to suitors" clause (28 U.S.C. § 1333).  It is further undisputed that Weaver has

asserted his claim for maintenance and cure in that action.  Thus, Taylors' *McCorpen*

defense may be fully litigated in the Texas state court action.

Furthermore, Taylors' request that this court "carve out" the maintenance and cure

claim from the remainder of the pending state court suit has been recognized to be

inappropriate.  Where a maintenance and cure claim is joined with Jones Act negligence

and unseaworthiness claims, the seaman should be allowed to try all of the claims

together.  *Lolly,* 2006 WL 681184, at *3 *citing Fitzgerald v. United States Lines Co.*, 374

U.S. 16, 19, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

In sum, since the maintenance and cure claim can be fully litigated in the Texas

state court action, in addition to the other claims that are not presented in the instant

federal declaratory judgment action, this factor weighs heavily in favor of dismissal.

With respect to the second, third and fourth factors, which address fairness concerns relating to forum selection, namely, whether Taylors filed suit in anticipation of a lawsuit by Weaver, whether Taylors engaged in forum shopping and whether there are possible inequities in allowing this declaratory judgment action to proceed, it is clear that these factors also weigh in favor of dismissal.

Taylors did not file the instant suit in anticipation of a suit filed by Weaver. Rather, the record suggests that Taylors filed suit to, in effect, nullify the choice of forum already made by Weaver.  The instant suit was filed two months *after* Weaver filed suit in Texas, at a time when Taylors was well aware of the pending state court litigation, as it had already obtained a voluntary extension of time to respond to the state court litigation from Weaver's counsel.  The record therefore suggests that Taylors brought this suit, not for the stated purposes of the Declaratory Judgment Act[3], but for the sole reason of "subverting the real plaintiff's advantage" in a forum of Taylors' choosing.  *See Lolly,*

---

[3]The *Sherwin-Williams* court explained, "[a] proper purpose of [the Declaratory Judgment Act] is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. [Citation omitted.]" *Lolly,* 2006 WL 681184 at *3 *citing Sherwin-Williams*, 343 F.3d at 397.  Other proper reasons for filing declaratory judgment actions include avoiding multiple suits involving the same issues, *Id. citing Sherwin-Williams*, 343 F.3d at 398-99 and *Travelers Insurance Company v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 776-77, 779 (5th Cir. 1993), and choosing one forum over another where the difference in forum does not affect the law that applies to the case. *Id. citing Sherwin-Williams*, 343 F.3d at 399.

Improper reasons for bringing declaratory judgment actions include "subverting the real plaintiff's advantage in state court," *Id. citing Travelers*, 996 F.2d at 777; bringing a declaratory judgment action when the declaratory judgment defendants had been restricted from filing state court actions, *Id. citing Sherwin-Williams*, 343 F.3d at 397 n. 7, 399; and choosing one forum over another where the difference in forum changes the law that applies to the case. *Id. citing Sherwin-Williams*, 343 F.3d at 397 and *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F.2d 599, 602 (5th Cir. 1983).

2006 WL 681184 at *3 citing *Sherwin-Williams*, 343 F.3d at 397-99 and *Travelers*, 996 F.2d at 777.

Additionally, as noted by this court in *Lolly* and *Jones*, the real or traditional plaintiff (here, the party that was injured), Weaver, is generally entitled to choose his forum, and that choice is "highly esteemed." *Lolly*, 2006 WL 681184 at *3 *citing Weaver Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) and *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989); *Jones*, 2007 WL 4355045 at *3 (citations omitted).   This is so, "even if that choice is not the district in which [the traditional plaintiff] resides." *Lolly*, 2006 WL 681184 at *3.

Furthermore, as a Jones Act seaman, Weaver has a right to under the "savings to suitors" clause to determine where he will pursue his claims, either in federal or state court, and the right to have all of his claims, including his claim for maintenance and cure, to be decided in that court. To allow the instant declaratory judgment action to proceed would deprive Weaver, an injured seaman, of these rights.  *See Chet Morrison Offshore, LLC v. Heyden*, 1428697, *1 (E.D. La. 2007) *citing New Orleans Public Service, Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir.1986); *Lolly citing Fitzgerald, Blanton, supra.; Jones, supra. See also Eldridge v. Magnolia Marine Transport*, 2008 WL 148310, *3 (E.D. La. 2008).

Moreover, it is apparent that allowing the instant suit to proceed would be inequitable to Weaver.  The record reflects that Taylors has already been unsuccessful in

its attempts to have the Texas state court action dismissed or transferred.  The instant action constitutes a second "bite at the apple" by Taylors, an attempt to obtain relief in this court which it has already been denied it in Texas state court.  Under these circumstances, it would be manifestly unfair to deprive Weaver of his state court victories.

The next two factors, convenience of the forum to the parties and the witnesses and whether retaining this declaratory judgment action would serve the purposes of judicial economy, likewise militate in favor of dismissal.  While Taylors maintains its principal place of business within the jurisdiction of this court, Weaver, a Florida resident, has chosen the state court with jurisdiction over the situs of the alleged accident. Thus, even if this court maintained the instant action, the parties and witnesses would nevertheless be required to resolve Weaver's Jones Act negligence and unseaworthiness claims in the pending Texas state court action.  Accordingly, it does not appear that this forum would be more convenient to the parties or the witnesses as the litigation would proceed in two courts, as opposed to a single court.

Furthermore, for these same reasons, retaining this lawsuit would not serve the purpose of judicial economy.  To the contrary, the undersigned finds that it would be wasteful to litigate at the same time, the same or similar issues, in two different courts, in two different states.  This is particularly the case given that not all of the parties in the plaintiff's state court suit are present before the court in this action.

7

Finally, with respect to the last factor, it is clear that this court is being asked, not only to "construe" orders validly entered by the Texas state court, but to, in effect, abrogate those orders.  Taylors is, in essence, asking this court to disregard the Texas state court's denial of Taylors' Motion to Dismiss and Motion to Transfer Venue.  Comity concerns clearly militate against such action.

        For these reasons, the undersigned concludes that, on balance, the factors articulated by the *Trejo* court weigh in favor of dismissal of this action. Moreover, the undersigned's conclusion is in accord with the well-established practice of courts in this district and in the Fifth Circuit which have routinely dismissed similar declaratory judgment actions which may be considered as an attempt to forum shop and which could result in abrogation of an injured seaman's rights under the Jones Act.  *See Heyden*, 2007 WL 1428697 at * 2 (and cases cited therein); *Jones,* 2007 WL4355045 at *3 (and cases cited therein); *Lolly,* 2006 WL 681184 at *4; *Mike Hooks, Inc., v. Eskridge*, 2011 WL 888117, fn 4 (W.D. La. 2011) (and cases cited therein); *Offshore Drilling Co., Inc. v. Fairchild*, 2006 WL 2054445 (W.D. La. 2006)*.  See also Eldridge*, 2008 WL 148310 at *3 (denying the defendant's Motion to Dismiss the injured plaintiff's action in favor of its declaratory judgment action filed in another court).

## CONCLUSION

_____Based on the foregoing, it is recommended that the Motion for Discretionary Dismissal [rec. doc.5] be **GRANTED.**

8

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).***

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed this 14th day of April, 2011, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

9